J-A02007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| JOSE LOUIS NEGRON | |
| | No. 1165 MDA 2015 |

Appeal from the Order Entered June 8, 2015
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003826-2014

BEFORE:  PANELLA, J., STABILE, J., and FITZGERALD, J.[*]

CONCURRING STATEMENT BY PANELLA, J.        **FILED JANUARY 04, 2017**

I join in the Majority's admonishment of the Commonwealth's agents in this matter. Furthermore, I also conclude that Negron is not entitled to a new trial. However, my reasoning differs from the Majority's. I therefore concur.

The Majority finds that Negron failed to establish that the murder identified by the CS was the same with which Negron had been charged. However, this Court reviews the decision of a trial court to grant a new trial on the basis of after-discovered evidence to determine if the court committed an abuse of discretion or an error of law which controlled the outcome of the case. ***See Commonwealth v. Padillas***, 997 A.2d 356, 361

---

[*] Former Justice specially assigned to the Superior Court.

(Pa. Super. 2010). Here, the trial court found that it was "more likely than not that CS was referring to this incident." Trial Court Opinion, 9/2/15, at 6. I can discern no abuse of discretion in this finding, given the circumstances as set forth by the Majority at pages 7-8.

However, I conclude that Negron did not establish that he was prejudiced by the Commonwealth's obstruction. "A **Brady** violation is established by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." **Commonwealth v. Chmiel**, 30 A.3d 1111, 1130 (Pa. 2011) (citation omitted). I reach this conclusion based upon a review of the testimony at trial, which reveals that investigator Driesbach's testimony was not of prime importance. During direct examination, investigator Driesbach did not offer any independent evidence of Negron's guilt.

To the contrary, the Commonwealth's case was largely dependent on the testimony of eyewitnesses to the murder and the testimony of Negron's neighbor. **See**, **e.g.**, N.T, Trial, 1/12-15/15, at 216-217, 239-240, 292-295. These witnesses placed Negron at the murder, involved in a fight with the victim, and in possession of a firearm. Furthermore, these witnesses testified that Negron fled the scene of the crime while acknowledging to his girlfriend that he had done what he "needed to do." It was clearly this testimony that the jury believed in convicting Negron.

As a result, I conclude that Negron failed to undermine confidence in the verdict. I would therefore reverse the trial court's order granting a new trial on this basis.